# EXHIBIT A

MKG 3/18/2019 1.33 pm

Electronically FILED by Superior Court of California, County of Los Angeles on 02/25/2019 Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal, Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

*Accepted on Behalf of the Regents Only*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Regents of the University of California, an entity, and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Justine Tanjaya, DDS, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

Central-Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

**19STCV06426**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carol Gillam, The Gillam Law Firm, 10866 Wilshire Blvd, Ste 400, Los Angeles, CA 90024; (310) 203-9977

DATE: February 25, 2019
*(Fecha)*     Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by     *(Secretario)*    Marcos Mariscal    , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* The Regents of the University of California, an entity

    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 02/25/2019 05:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Rupert Byrdsong

1 **THE GILLAM LAW FIRM**
*A Professional Law Corporation*
2 Carol L. Gillam (SBN 102354)
Sara Heum (SBN 288136)
3 10866 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
4 Telephone: (310) 203-9977
Facsimile: (310) 203-9922
5 carol@gillamlaw.com,
sara@gillamlaw.com
6
Attorneys for Plaintiff Justine Tanjaya, DDS
7

8
SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
COUNTY OF LOS ANGELES
10

| | |
|---|---|
| JUSTINE TANJAYA, DDS, an individual, | Case No: **19STCV06426** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND OTHER RELIEF** |
| vs. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, an entity, and DOES 1 through 25, inclusive, | 1. Sex Discrimination (Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*) |
| Defendants. | 2. Retaliation (Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*) |
| | 3. Sex Discrimination (Cal. Gov. Code § 11135) |
| | 4. Sex Discrimination (Civil Rights Act of 1964, Title VI, 42 U.S.C. § 2000d *et seq.*) |
| | 5. Retaliation (Civil Rights Act of 1964, Title VI, 42 U.S.C. § 2000d *et seq.*) |
| | 6. Hostile Environment and Quid Pro Quo Harassment (Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*) |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff JUSTINE TANJAYA, DDS, an individual, ("Plaintiff") complains and alleges the following against REGENTS OF THE UNIVERSITY OF CALIFORNIA,

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1    an entity, and DOES 1 through 25, inclusive, (collectively, DEFENDANTS or

2    REGENTS).

3                                        **INTRODUCTION**

4           1.  Plaintiff JUSTINE TANJAYA, DDS, is a talented dentist who excelled in

5    school and was admitted to REGENTS' doctorate program at UCLA. Defendant

6    REGENTS OF THE UNIVERSITY OF CALIFORNIA ("DEFENDANT,"

7    "REGENTS" or "UCLA") is a large public university that receives federal and state

8    funds in a variety of ways, including payments for dental services rendered by students

9    and student aid.

10                               **JURISDICTION AND VENUE**

11          2.  This Court has jurisdiction pursuant to California Code of Civil Procedure

12   § 410.10. Venue is proper in this Court under California Code of Civil Procedure §§

13   395 and 395.5 because DEFENDANTS operate in this County, Plaintiff resided in this

14   county, and the injuries that are the subject of her lawsuit arose in this county.

15                                         **PARTIES**

16          3.  JUSTINE TANJAYA, DDS ("Plaintiff" or "DR. TANJAYA") is an Asian

17   American woman pursuing her doctorate in oral biology at UCLA School of Dentistry.

18          4.  At all times material to this complaint, DEFENDANTS enrolled and taught

19   Plaintiff in their dental school located at 10833 LeConte, Los Angeles CA 90095 ("the

20   School of Dentistry"). At all relevant times DEFENDANTS employed more than fifty

21   employees.

22          5.  Throughout the time she was enrolled as a student by DEFENDANTS,

23   Plaintiff was subjected to the following unlawful conduct by DEFENDANTS:

24                  a.      A tenured professor/Senior Associate Dean sexually

25                          harassed Plaintiff;

26                  b.      DEFENDANTS treated Plaintiff differently from other

27                          students;

28

                                               2

     c.     DEFENDANTS retaliated against Plaintiff when she complained of sexual harassment by the tenured professor/Senior Associate Dean; and

     d.     DEFENDANTS failed to take all reasonable steps necessary to prevent additional harassment, discrimination and retaliation against her.

6.  Plaintiff is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1 - 25, inclusive, and therefore sues these DEFENDANTS by such fictitious names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of such DEFENDANTS.

7.  Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each of the DEFENDANTS was functioning as the agent, servant, partner, employee and/or working in concert with his, her or its co-DEFENDANTS and was acting within the course and scope of such agency, partnership, employment and/or concerted activity. To the extent that certain acts and omissions were perpetrated by certain DEFENDANTS, each remaining DEFENDANT confirmed and ratified such acts and omissions of the co-DEFENDANTS, and in doing the actions mentioned below was acting within the course and scope of his, her or its authority as such agent, servant, partner, and employee with the permission, consent and ratification of the co-DEFENDANTS.

8.  Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each defendant was completely dominated and controlled by his, her or its co-defendants. Whenever and wherever reference is made in this complaint to any act or failure to act by a DEFENDANT or DEFENDANTS, such allegations and reference shall also be deemed to mean the acts and failures to act of each

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1 DEFENDANT acting individually, jointly, and severally. Whenever and wherever
2 reference is made to individuals who are not named as Plaintiff or DEFENDANTS in
3 this complaint but who were employees/agents of DEFENDANTS, such individuals at
4 all relevant times acted on behalf of DEFENDANTS within the course and scope of
5 their employment.

6      9.    Plaintiff is informed and believes and thereupon alleges that, at all
7 times material herein, DEFENDANTS and each of them, and/or their agents/employees
8 or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

9      10.   Plaintiff is informed and believes and thereupon alleges that, at all
10 times material herein, DEFENDANTS, and/or their agents/employees knew or
11 reasonably should have known that unless they intervened to protect Plaintiff, and to
12 adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize
13 the conduct of the employees of REGENTS, the remaining DEFENDANTS and
14 employees perceived the conduct and omissions as being ratified and condoned.

15 **FACTS COMMON TO ALL CAUSES OF ACTION**

16      11.   Plaintiff enrolled in UCLA's doctoral program in Oral Biology at UCLA
17 School of Dentistry in or about 2017. She satisfactorily performed her assignments as
18 expected.

19      12.   On or about April 13, 2018, Plaintiff went to a scheduled meeting with
20 Senior Associate Dean/Professor Soltirios Tetradis, DDS, Ph.D. in his office. Plaintiff
21 was hoping for guidance and constructive advice in handling some issues with her
22 research mentor, Dr. Kang Ting. Dr. Tetradis instructed Plaintiff to close the door. They
23 were alone.

24      13.   Once the door was closed, Dr. Tetradis asked Plaintiff to forward him
25 email messages between her and Dr. Ting. Plaintiff was hesitant to do so. Dr. Tetradis
26 became insistent, demanding her phone and reaching for it. He then began to stroke

27
28

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1 | Plaintiff's hand repeatedly, making her feel extremely uncomfortable. He moved closer
2 | to Plaintiff on the pretext that he could not read her phone well.

3 |       14.    Plaintiff felt sexually violated, and tried to move away from Dr. Tetradis.
4 | He raised his voice and insisted repeatedly that she send him the email chain with Dr.
5 | Ting or there would be ramifications, which she reasonably understood as a threat.

6 |       15.    Dr. Tetradis again moved closer to Plaintiff after she tried to move away
7 | from him. He sat so close that his legs touched Plaintiff's. This made her feel even more
8 | uncomfortable. She began to cry. She also worried that no one from outside would hear
9 | her if she cried for help.

10 |       16.    Dr. Tetradis asked if Plaintiff had anything else that would expose Dr.
11 | Ting in a negative light. She replied that she did not. He asked if Dr. Ting had ever
12 | touched Plaintiff inappropriately (as Dr. Tetradis was then doing!). She said no, her only
13 | issues with Dr. Ting were about research expectations.

14 |       17.    Dr. Tetradis then said that Plaintiff would not be able to graduate from the
15 | doctoral program without his help, that if she cooperated with him, Dr. Tetradis would
16 | help her produce a written agreement on how to complete her remaining clinical
17 | orthodontic and PhD training in a reasonable time.

18 |       18.    Coming from the Senior Associate Dean, this caused Plaintiff further fear
19 | and frustration. She felt both sexually harassed and academically threatened
20 | simultaneously.

21 |       19.    Once she was able to leave the meeting, she emailed Dr. Tetradis that she
22 | had no intention of reporting anyone or complaining about the program.

23 |       20.    On April 18, 2018 (five days later), Plaintiff had another meeting with Dr.
24 | Tetradis. Again he closed the doors and they were alone. He pressured Dr. Tanjaya to
25 | file a Title IX complaint against Dr. Ting. Plaintiff continued to insist that Dr. Ting was
26 | guilty of no such thing. Dr. Tetradis continued to pressure her, saying he would report it
27 | even if she didn't agree. Unbeknownst to Plaintiff at the time, Dr. Tetradis had already
28 |

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1    falsely reported Dr. Ting as committing a Title IX violation against Dr. Tanjaya. He told
2    Plaintiff that he and Dean Paul Krebsbach were much more powerful than Dr. Ting, and
3    the university, including the Title IX office, is much bigger than Dr. Ting, and is on his
4    and the Dean's side.

5        21.    As the meeting continued, Dr. Tetradis boasted that he was good friends
6    with Mohammed Cato, the Title IX Coordinator, and that he can bring any file to Mr.
7    Cato anonymously. He further told Plaintiff that she does not need to worry about Dr.
8    Ting since he and the university are much bigger than Dr. Ting.

9        22.    Throughout the meeting, Dr. Tetradis was very intimidating to Plaintiff,
10   who felt disgusted, violated and powerless. He kept insisting she should listen to him
11   and follow his order to cooperate with filing a Title IX complaint against Dr. Ting. As
12   the meeting drew to a close, Dr. Tetradis began to stroke Plaintiff's back and arms,
13   perhaps under the guise of comforting her. She understood it for what it was – a sexual
14   assault. This made her feel even more fearful, angry, frustrated and distrustful. The
15   pressure for her to lie about Dr. Ting along with the sexual assault by Dr. Tetradis were
16   deeply disturbing.

17       23.    Dr. Tanjaya was too afraid of Dr. Tetradis and the power he boasted of to
18   make an immediate complaint about him. She remained haunted by his inappropriate
19   gestures. By May 31, 2018, she decided to cut off all communication with Dr. Tetradis
20   and resign from any lab assignment he had pushed her into.

21       24.    Dr. Tetradis repeatedly demanded that Plaintiff come to his office again.
22   In June 2018 he threatened her again that her actions would negatively impact the
23   continuity of her studies. Plaintiff also learned that Dr. Tetradis was reaching out to
24   various administrative employees to track her down and he even came unexpectedly to
25   the orthodontic clinic where she was working. This, in light of his previous behavior,
26   was very disturbing to Plaintiff. In no way did it appear that Dr. Tetradis had any
27
28

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1    legitimate basis for repeatedly trying to approach her or persuade her to come to his
2    office again.

3        25.    On or about June 25, 2018, Plaintiff gathered the courage to file a
4    complaint against Dr. Tetradis with the Title IX office on campus.

5        26.    Thereafter, retaliation from Dr. Tetradis and others associated with him
6    continued. While UCLA assured her of its non-retaliation policies, the reality was
7    starkly different. In addition, it appeared that any supposed confidentiality regarding her
8    Title IX complaint was non-existent, as another official outside the Title IX office had a
9    copy of her sworn statement and questioned her about it in a surprise meeting.

10       27.    It appeared that Dr. Tetradis was using Plaintiff to cause harm to Dr. Ting,
11   and Plaintiff repeatedly said she wanted no part of it. On information and belief, Dr.
12   Ting has suffered considerable personal and professional harm as a result of Dr.
13   Tetradis's actions.

14       28.    As a proximate result of Dr. Tetradis's conduct, Plaintiff has been
15   severely damaged in her ability to focus her efforts on successful completion of her
16   doctorate. She has sustained considerable emotional harm and damage to her
17   professional reputation.

18       29.    As a further direct and legal result of the acts and conduct of
19   DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did
20   suffer and continues to suffer severe emotional and mental distress, anguish,
21   humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact nature,
22   duration, and extent of such injuries are presently unknown to Plaintiff.

23
24                        **FIRST CAUSE OF ACTION**
25        **(Sex Discrimination in Violation of Title IX, 20 U.S.C. § 1681 *et seq.*)**
26                        **(Against All Defendants)**
27       30.    As a separate and distinct cause of action, Plaintiff complains and
28

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  realleges all of the allegations contained in this complaint, and incorporates them by
2  reference into this cause of action as though fully set forth herein, excepting those
3  allegations which are inconsistent with this cause of action.

4       31.   At all times relevant to this Complaint, DEFENDANTS were subject to
5  the provisions of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et*
6  *seq.*). Title IX, in pertinent part, forbids DEFENDANTS from discriminating against, or
7  excluding from participation in, or denying the benefits of any education program
8  receiving Federal assistance, to any person on the basis of sex.

9       32.   Plaintiff is informed and believes, and thereon alleges that
10 DEFENDANTS' conduct was wilful, purposeful and unlawful, and done in accordance
11 with the policies and practices of DEFENDANTS' operations.

12      33.   Plaintiff is further informed and believes, and thereon alleges that
13 DEFENDANTS' policies and practices create a disparate impact on female students.

14      34.   As a proximate cause of the aforementioned violations, Plaintiff has been
15 damaged in an amount according to proof at time of trial, but in an amount in excess of
16 the jurisdiction of this Court.

17      35.   Plaintiff also seeks equitable and injunctive relief to the full extent
18 allowable by law.

19      36.   Plaintiff also seeks attorneys' fees and costs to the full extent allowable by
20 law.

21
22                        **SECOND CAUSE OF ACTION**
23        **(Retaliation in Violation of Title IX, 20 U.S.C. § 1681 *et seq.*)**
24                          **(Against All Defendants)**
25      37.   As a separate and distinct cause of action, Plaintiff complains and
26 realleges all of the allegations contained in this complaint, and incorporates them by
27 reference into this cause of action as though fully set forth herein, excepting those
28 allegations which are inconsistent with this cause of action.

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

38. At relevant times herein and in violation of 20 U.S.C. § 1681, *et seq.*, DEFENDANTS and/or their agents/employees, retaliated against Plaintiff by adversely affecting Plaintiff's status as an orthodontic resident and PhD student and retaliating against her after she complained to the Title IX office, and otherwise engaged in protected activity.

39. As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

40. As a direct and proximate result of DEFENDANTS' willful, knowing, and retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses including future earnings, and other pecuniary loss not presently ascertained.

41. As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact, duration, and extent of such injuries are presently unknown to Plaintiff.

42. As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of Cal. Gov. Code §§ 11135, 11139)
### (Against All Defendants)

43. As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

44.    At all times relevant to this Complaint, REGENTS was an entity governed by California Government Code Section 11135, in that it is a public agency and receives funding from the State of California, including but not limited to its budget appropriations, payments under Denti-Cal and student aid money.

45.    California Government Code Section 11135 bars REGENTS from discriminating and/or denying full and equal access to the benefits of its programs and activities, including the School of Dentistry, to any person on the basis of sex, among other things.

46.    At times relevant to this Complaint, Plaintiff was an aggrieved person under California Government Code Section 11135, in that she was discriminated against, and denied full and equal access to the benefits of UCLA's School of Dentistry, on the basis of her sex.

47.    Plaintiff is entitled to and hereby asserts her right to a private right of action under California Government Code Section 11135.

48.    Plaintiff is informed and believes, and thereon alleges that DEFENDANTS' conduct was wilful, purposeful and unlawful, and done in accordance with the policies and practices of DEFENDANTS' operations.

49.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact nature, duration, and extent of such injuries are presently unknown to Plaintiff. Plaintiff is thereby entitled to general and compensatory damages in amounts as prayed below and to be proven at trial.  Wherefore Plaintiff prays for relief as set forth below.

50.    As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

51.     Plaintiff also seeks equitable and injunctive relief to the full extent allowable by law.

52.     Plaintiff also seeks attorneys' fees and costs to the full extent allowable by law.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of Title VI, Civil Rights Act of 1964)
### (29 U.S.C. § 2000d)
### (Against All Defendants)

53.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

54.     At all times relevant to this Complaint, Defendant REGENTS was an entity governed by Title VI of the Civil Rights Act of 1964, in that it receives funding from the federal government, including but not limited to grants and student aid money.

55.     Title VI bars REGENTS from discriminating and/or denying full and equal access to the benefits of its programs and activities, including the School of Dentistry, to any person on the basis of sex, among other things.

56.     Plaintiff is informed and believes, and thereon alleges that DEFENDANTS' conduct was wilful, purposeful and unlawful, and done in accordance with the policies and practices of DEFENDANTS' operations.

57.     As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

58.     Plaintiff also seeks equitable and injunctive relief to the full extent allowable by law.

59.     Plaintiff also seeks attorneys' fees and costs to the full extent allowable by

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

1  law.

## FIFTH CAUSE OF ACTION

### (Retaliation in Violation of Title VI, Civil Rights Act of 1964)

### (42 U.S.C. § 2000d)

### (Against All Defendants)

60.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

61.    At relevant times herein and in violation of 42 U.S.C. § 2000d, *et seq.*, DEFENDANTS and/or their agents/employees, retaliated against Plaintiff by adversely affecting Plaintiff's status as an orthodontic resident and PhD student and retaliating against her after she complained to Title IX office, and otherwise engaged in protected activity.

62.    As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

63.    As a direct and proximate result of DEFENDANTS' willful, knowing, and retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses including future earnings, and other pecuniary loss not presently ascertained.

64.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact, duration, and extent of such injuries are presently unknown to Plaintiff.

65.    As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

## SIXTH CAUSE OF ACTION

### (Hostile Environment and Quid Pro Quo Harassment – Title IX)

### (Against All Defendants)

66.   As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

67.   By their conduct alleged above, DEFENDANTS created a hostile environment for Plaintiff, and engaged in quid pro quo harassment, thereby causing her harm, all in violation of Title IX, Education Amendments of 1972, 20 U.S.C. § 1681.

68.   As a direct and proximate result of DEFENDANTS' maintaining a hostile environment for Plaintiff, Plaintiff has sustained and continues to sustain substantial losses including future earnings.

69.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact nature, duration, and extent of such injuries are presently unknown to Plaintiff. Plaintiff is thereby entitled to general and compensatory damages in amounts as prayed below and to be proven at trial.  Wherefore Plaintiff prays for relief as set forth below.

70.   As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

71.   Plaintiff also seeks equitable and injunctive relief to the full extent allowable by law.

72.   Plaintiff also seeks attorneys' fees and costs to the full extent allowable by law.

////

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential and incidental financial losses including mental and emotional distress, lost future wages, medical bills, student loans and other special and general damages according to proof;

2. For injunctive relief enjoining DEFENDANTS, their agents, successors and employees from engaging in each unlawful practice set forth above, and for such other injunctive relief as the Court may deem proper;

3. For general and compensatory damages according to proof;

4. For general, mental and emotional distress damages;

5. For restitution of all monies due to Plaintiff;

6. For equitable relief including directing DEFENDANTS to allow Plaintiff to receive equal treatment in pursuit of her Ph.D. from the School of Dentistry, and directing Dr. Tetradis to cease any efforts to interfere with her pursuit of her doctorate;

7. For pre-judgment interest;

8. For costs of the suit incurred herein;

9. For attorneys' fees and costs pursuant to Title IX, Title VI, California Code of Civil Procedure Section 1021.5, and any other law under which they may be awardable herein; and

10. For any such other and further relief that the Court may deem just and proper.

DATED: February 25, 2019

         THE GILLAM LAW FIRM
         *A Professional Law Corporation*

         _____
         CAROL L. GILLAM
         Attorneys for Plaintiff
         Justine Tanjaya, DDS

14

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a trial by jury on all issues so triable.

3

4
DATED: February 25, 2019

THE GILLAM LAW FIRM
*A Professional Law Corporation*

5

6

7
CAROL L. GILLAM
Attorneys for Plaintiff
Justine Tanjaya, DDS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JUSTINE TANJAYA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

ctronically FILED by Superior Court of California, County of Los Angeles on 02/25/2019 01:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariscal,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>The Gillam Law Firm, P.C.<br>Carol L. Gillam (SBN 102354); Sara Heum (SBN 288136)<br>10866 Wilshire Blvd, Ste 400<br>Los Angeles, CA 90024<br>TELEPHONE NO. (310) 203-9977    FAX NO. (310) 203-9922<br>ATTORNEY FOR *(Name)* Plaintiff, Justine Tanjaya, an individual | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS  111 North Hill Street
MAILING ADDRESS
CITY AND ZIP CODE  Los Angeles, CA 90012
BRANCH NAME  Central-Stanley Mosk Courthouse

CASE NAME:
Tanjaya vs. Regents of the University of California

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 19STCV06426 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 25, 2019
Carol Gillam
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tanjaya v. Regents of the University of California | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.
For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|
| 1.  Class Actions must be filed in the County Courthouse, Central District.<br>2.  May be filed in Central (Other county, or no Bodily Injury/Property Damage).<br>3.  Location where cause of action arose.<br>4.  Location where bodily injury, death or damage occurred.<br>5.  Location where performance required or defendant resides. | 6.  Location of property or permanently garaged vehicle.<br>7.  Location where petitioner resides.<br>8.  Location wherein defendant/respondent functions wholly.<br>9.  Location where one or more of the parties reside.<br>10. Location of Labor Commissioner Office. |

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

|  | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Medical Malpractice (45) | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Civil Rights (08) | ☑ A6005  Civil Rights/Discrimination | 1., ②, 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Tanjaya v. Regents of the University of California | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032   Quiet Title | 2., 6. |
| | | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Tanjaya v. Regents of the University of California | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Tanjaya v. Regents of the University of California | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS:<br>10833 LeConte |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90095 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court  (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __February 25, 2019__

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| Print |
|---|
| Save |

| Clear |
|---|

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/25/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Marcos Mariscal _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>19STCV06426 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Rupert A. Byrdsong | 28 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/27/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Marcos Mariscal _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**