**THE GILLAM LAW FIRM**
*A Professional Law Corporation*
Carol L. Gillam (SBN 102354)
Sara Heum (SBN 288136)
10866 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
Telephone: (310) 203-9977
Facsimile:  (310) 203-9922
carol@gillamlaw.com
sara@gillamlaw.com
Attorneys for Plaintiff Justine Tanjaya, DDS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRCT OF CALIFORNIA

| | |
|---|---|
| JUSTINE TANJAYA, DDS, an individual,<br><br>                    Plaintiff,<br><br>    vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, an entity, and DOES 1 through 25, inclusive,<br><br>                Defendants. | Case No: 2:19-cv-02956-GW-FFM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF**<br><br>1. Sex Discrimination (Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*)<br>2. Retaliation (Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*)<br>3. Sex Discrimination (Cal. Gov. Code § 11135)<br>4. Hostile Environment and Quid Pro Quo Harassment (Title IX, Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*)<br><br>Assigned to Hon. George Wu Courtroom 9D<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JUSTINE TANJAYA, DDS, an individual, ("Plaintiff") complains and alleges the following against REGENTS OF THE UNIVERSITY OF

PLAINTIFF JUSTINE TANJAYA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

CALIFORNIA, an entity, and DOES 1 through 25, inclusive, (collectively,
DEFENDANTS or REGENTS).

### INTRODUCTION

1. Plaintiff JUSTINE TANJAYA, DDS, is a talented dentist who excelled
in
school and was admitted to REGENTS' doctorate program at UCLA. Defendant
REGENTS OF THE UNIVERSITY OF CALIFORNIA ("DEFENDANT,"
"REGENTS" or "UCLA") is a large public university that receives federal and
state funds in a variety of ways, including payments for dental services rendered
by students and student aid.

### JURISDICTION AND VENUE
### PARTIES

2. This Court has jurisdiction pursuant to the removal statute.

3. JUSTINE TANJAYA, DDS ("Plaintiff" or "DR. TANJAYA" is an
Asian American woman pursuing her doctorate in oral biology at UCLA School
of Dentistry.

4. At all times material to this complaint, DEFENDANTS enrolled and
taught Plaintiff in their dental school located at 10833 LeConte, Los Angeles CA
90095 ("the School of Dentistry"). At all relevant times DEFENDANTS
employed more than fifty employees.

5. Throughout the time she was enrolled as a student by DEFENDANTS,
Plaintiff was subjected to the following unlawful conduct by DEFENDANTS:

   a. A tenured professor/Senior Associate Dean sexually harassed and
assaulted Plaintiff on campus, in his office, in
the course and scope of his duties as a dean;

   b. DEFENDANTS treated Plaintiff differently from other students;

c. DEFENDANTS retaliated against Plaintiff when she complained of sexual harassment and assault by the tenured professor/Senior Associate Dean; and

d. DEFENDANTS failed to take all reasonable steps necessary to prevent additional harassment, discrimination and retaliation against her.

6. Plaintiff is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1 - 25, inclusive, and therefore sues these DEFENDANTS by such fictitious names and capacities. Plaintiff is informed and believes, and on that basis alleges, that each Defendant sued under such fictitious names is in some manner responsible for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of such DEFENDANTS.

7. Plaintiff is informed and believes and thereupon alleges that, at all Times material herein, each of the DEFENDANTS was functioning as the agent, servant, partner, employee and/or working in concert with his, her or its co-DEFENDANTS and was acting within the course and scope of such agency, partnership, employment and/or concerted activity. To the extent that certain acts and omissions were perpetrated by certain DEFENDANTS, each remaining DEFENDANT confirmed and ratified such acts and omissions of the co-DEFENDANTS, and in doing the actions mentioned below was acting within the course and scope of his, her or its authority as such agent, servant, partner, and employee with the permission, consent and ratification of the co-DEFENDANTS.

8. Plaintiff is informed and believes and thereupon alleges that, at all times material herein, each defendant was completely dominated and controlled by his, her or its co-defendants. Whenever and wherever reference is made in this

PLAINTIFF JUSTINE TANJAYA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

complaint to any act or failure to act by a DEFENDANT or DEFENDANTS, such allegations and reference shall also be deemed to mean the acts and failures to act of each DEFENDANT acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Plaintiff or DEFENDANTS in this complaint but who were employees/agents of DEFENDANTS, such individuals at all relevant times acted on behalf of DEFENDANTS within the course and scope of their employment.

9.    Plaintiff is informed and believes and thereupon alleges that, at all times material herein, DEFENDANTS and each of them, and/or their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

10.    Plaintiff is informed and believes and thereupon alleges that, at all times material herein, DEFENDANTS, and/or their agents/employees knew or reasonably should have known that unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of the employees of REGENTS, including without limitation Senior Associate Dean Soltirios Tetradis, DDS, Ph.D., the remaining DEFENDANTS and employees perceived the conduct and omissions as being ratified and condoned.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.    Plaintiff enrolled in UCLA's doctoral program in Oral Biology at UCLA School of Dentistry in or about 2017. She satisfactorily performed her assignments as expected.

12.    On or about April 13, 2018, Plaintiff went to a scheduled meeting with UCLA Senior Associate Dean/Professor Soltirios Tetradis, DDS, Ph.D. in his office. Plaintiff was hoping for guidance and constructive advice in handling

PLAINTIFF JUSTINE TANJAYA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

some issues with her research mentor, Dr. Kang Ting. Dr. Tetradis instructed Plaintiff to close the door. They were alone.

13.     Once the door was closed, Dr. Tetradis asked Plaintiff to forward him email messages between her and Dr. Ting. Plaintiff was hesitant to do so. Dr. Tetradis became insistent, demanding her phone and reaching for it. He then began to stroke Plaintiff's hand repeatedly, making her feel extremely uncomfortable. He moved closer to Plaintiff on the pretext that he could not read her phone well.

14.     Plaintiff felt sexually violated, and tried to move away from Dr. Tetradis. He raised his voice and insisted repeatedly that she send him the email chain with Dr. Ting or there would be ramifications, which she reasonably understood as a threat.

15.     Dr. Tetradis again moved closer to Plaintiff after she tried to move away from him. He sat so close that his legs touched Plaintiff's. This made her feel even more uncomfortable. She began to cry. She also worried that no one from outside would hear her if she cried for help.

16.     Dr. Tetradis asked if Plaintiff had anything else that would expose Dr. Ting in a negative light. She replied that she did not. He asked if Dr. Ting had ever touched Plaintiff inappropriately (as Dr. Tetradis was then doing!). She said no, her only issues with Dr. Ting were about research expectations.

17.     Dr. Tetradis then said that Plaintiff would not be able to graduate from the doctoral program without his help, that if she cooperated with him, Dr. Tetradis would help her produce a written agreement on how to complete her remaining clinical orthodontic and PhD training in a reasonable time.

18.     Coming from the Senior Associate Dean, this caused Plaintiff further fear and frustration. She felt both sexually harassed and academically threatened simultaneously.

19.     Once she was able to leave the meeting, she emailed Dr. Tetradis that she had no intention of reporting anyone or complaining about the program.

20.     On April 18, 2018 (five days later), Plaintiff had another meeting with Dr. Tetradis. Again he closed the doors and they were alone. He pressured Dr. Tanjaya to file a Title IX complaint against Dr. Ting. Plaintiff continued to insist that Dr. Ting was guilty of no such thing. Dr. Tetradis continued to pressure her, saying he would report it even if she didn't agree. Unbeknownst to Plaintiff at the time, Dr. Tetradis had already falsely reported Dr. Ting as committing a Title IX violation against Dr. Tanjaya. He told Plaintiff that he and Dean Paul Krebsbach were much more powerful than Dr. Ting, and the university, including the Title IX office, is much bigger than Dr. Ting, and is on his and the Dean's side.

21.     As the meeting continued, Dr. Tetradis boasted that he was good friends with Mohammed Cato, the Title IX Coordinator, and that he can bring any file to Mr. Cato anonymously. He further told Plaintiff that she does not need to worry about Dr. Ting since he and the university are much bigger than Dr. Ting.

22.     Throughout the meeting, Dr. Tetradis was very intimidating to Plaintiff, who felt disgusted, violated and powerless. He kept insisting she should listen to him and follow his order to cooperate with filing a Title IX complaint against Dr. Ting. As the meeting drew to a close, Dr. Tetradis began to stroke Plaintiff's back and arms, perhaps under the guise of comforting her. She understood it for what it was – a sexual assault. This made her feel even more fearful, angry, frustrated and distrustful. The pressure for her to lie about Dr. Ting along with the sexual assault by Dr. Tetradis were deeply disturbing.

23.     Dr. Tanjaya was too afraid of Dr. Tetradis and the power he boasted of to make an immediate complaint about him. She remained haunted by his inappropriate gestures. By May 31, 2018 she decided to cut off all

PLAINTIFF JUSTINE TANJAYA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

communication with Dr. Tetradis and resign from any lab assignment he had pushed her into.

24.     Dr. Tetradis repeatedly demanded that Plaintiff come to his office again. In June 2018 he threatened her again that her actions would negatively impact the continuity of her studies. Plaintiff also learned that Dr. Tetradis was reaching out to various administrative employees to track her down and he even came unexpectedly to the orthodontic clinic where she was working. This, in light of his previous behavior, was very disturbing to Plaintiff. In no way did it appear that Dr. Tetradis had any legitimate basis for repeatedly trying to approach her or persuade her to come to his office again.

25.     On or about June 25, 2018, Plaintiff gathered the courage to file a complaint against Dr. Tetradis with the Title IX office on campus.

26.     Thereafter, retaliation from Dr. Tetradis and others associated with him continued. While UCLA assured her of its non-retaliation policies, the reality was starkly different. In addition, it appeared that any supposed confidentiality regarding her Title IX complaint was non-existent, as another official outside the Title IX office had a copy of her sworn statement and questioned her about it in a surprise meeting.

27.     It appeared that Dr. Tetradis was using Plaintiff to cause harm to Dr. Ting, and Plaintiff repeatedly said she wanted no part of it. On information and belief, Dr. Ting has suffered considerable personal and professional harm as a result of Dr. Tetradis's actions.

28.     As a proximate result of Dr. Tetradis's conduct, Plaintiff has been severely damaged in her ability to focus her efforts on successful completion of her doctorate. She has sustained considerable emotional harm and damage to her professional reputation.

29.     As a further direct and legal result of the acts and conduct of

DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact nature, duration, and extent of such injuries are presently unknown to Plaintiff.

## FIRST CAUSE OF ACTION

### (Sex Discrimination in Violation of Title IX, 20 U.S.C. § 1681 *et seq.*)
### (Against All Defendants)

30.     As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

31.     At all times relevant to this Complaint, DEFENDANTS were subject To the provisions of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*). Title IX, in pertinent part, forbids DEFENDANTS from discriminating against, or excluding from participation in, or denying the benefits of any education program receiving Federal assistance, to any person on the basis of sex.

32.     Plaintiff is informed and believes, and thereon alleges that DEFENDANTS' conduct was wilful, purposeful and unlawful, and done in accordance with the policies and practices of DEFENDANTS' operations.

33.      Plaintiff is further informed and believes, and thereon alleges that DEFENDANTS' policies and practices create a disparate impact on female students.

34.     As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

35.     Plaintiff also seeks equitable and injunctive relief to the full extent

allowable by law.

36.    Plaintiff also seeks attorneys' fees and costs to the full extent allowable by law.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title IX, 20 U.S.C. § 1681 *et seq.*)
### (Against All Defendants)

37.    As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

38.    At relevant times herein and in violation of 20 U.S.C. § 1681, *et seq.*, DEFENDANTS and/or their agents/employees, retaliated against Plaintiff by adversely affecting Plaintiff's status as an orthodontic resident and PhD student and retaliating against her after she complained to the Title IX office, and otherwise engaged in protected activity.

39.    As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

40.    As a direct and proximate result of DEFENDANTS' willful, knowing, and retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses including future earnings, and other pecuniary loss not presently ascertained.

41.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact, duration, and extent of such injuries are presently unknown to Plaintiff.

PLAINTIFF JUSTINE TANJAYA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

42.   As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of Cal. Gov. Code §§ 11135, 11139)
### (Against All Defendants)

43.   As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

44.   At all times relevant to this Complaint, REGENTS was an entity governed by California Government Code Section 11135, in that it is a public agency and receives funding from the State of California, including but not limited to its budget appropriations, payments under Denti-Cal and student aid money.

45.   California Government Code Section 11135 bars REGENTS from discriminating and/or denying full and equal access to the benefits of its programs and activities, including the School of Dentistry, to any person on the basis of sex, among other things.

46.   At times relevant to this Complaint, Plaintiff was an aggrieved person under California Government Code Section 11135, in that she was discriminated against, and denied full and equal access to the benefits of UCLA's School of Dentistry, on the basis of her sex.

47.   Plaintiff is entitled to and hereby asserts her right to a private right of action under California Government Code Section 11135.

48.   Plaintiff is informed and believes, and thereon alleges that

PLAINTIFF JUSTINE TANJAYA'S FIRST AMENDED COMPLAINT FOR DAMAGES AND OTHER RELIEF

DEFENDANTS' conduct was wilful, purposeful and unlawful, and done in accordance with the policies and practices of DEFENDANTS' operations.

49.   As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact nature, duration, and extent of such injuries are presently unknown to Plaintiff. Plaintiff is thereby entitled to general and compensatory damages in amounts as prayed below and to be proven at trial.  Wherefore Plaintiff prays for relief as set forth below.

50.   As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

51.   Plaintiff also seeks equitable and injunctive relief to the full extent allowable by law.

52.   Plaintiff also seeks attorneys' fees and costs to the full extent allowable by law.

**FOURTH CAUSE OF ACTION**

**(Hostile Environment and Quid Pro Quo Harassment – Title IX)**

**(Against All Defendants)**

53.   As a separate and distinct cause of action, Plaintiff complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

54.   By their conduct alleged above, DEFENDANTS created a hostile environment for Plaintiff, and engaged in quid pro quo harassment, thereby

causing her harm, all in violation of Title IX, Education Amendments of 1972, 20 U.S.C. § 1681.

55.    As a direct and proximate result of DEFENDANTS' maintaining a hostile environment for Plaintiff, Plaintiff has sustained and continues to sustain substantial losses including future earnings.

56.    As a further direct and legal result of the acts and conduct of DEFENDANTS, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, discomfort and anxiety. The exact nature, duration, and extent of such injuries are presently unknown to Plaintiff. Plaintiff is thereby entitled to general and compensatory damages in amounts as prayed below and to be proven at trial.  Wherefore Plaintiff prays for relief as set forth below.

57.    As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

58.    Plaintiff also seeks equitable and injunctive relief to the full extent allowable by law.

59.    Plaintiff also seeks attorneys' fees and costs to the full extent allowable by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For all actual, consequential and incidental financial losses including mental and emotional distress, lost future wages, medical bills, student loans and other special and general damages according to proof;

2.    For injunctive relief enjoining DEFENDANTS, their agents, successors and employees from engaging in each unlawful practice set forth above, and for such other injunctive relief as the Court may deem proper;

3.      For general and compensatory damages according to proof;

4.      For general, mental and emotional distress damages;

5.      For restitution of all monies due to Plaintiff;

6.      For equitable relief including directing DEFENDANTS to allow Plaintiff to receive equal treatment in pursuit of her Ph.D. from the School of Dentistry, and directing Dr. Tetradis to cease any efforts to interfere with her pursuit of her doctorate;

7.      For pre-judgment interest;

8.      For costs of the suit incurred herein;

9.      For attorneys' fees and costs pursuant to Title IX, California Code of Civil Procedure Section 1021.5, and any other law under which they may be awardable herein; and

10.     For any such other and further relief that the Court may deem just and proper.

DATED: May 28, 2019

THE GILLAM LAW FIRM
*A Professional Law Corporation*

CAROL L. GILLAM
Attorneys for Plaintiff
Justine Tanjaya, DDS

---

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 28, 2019

THE GILLAM LAW FIRM
*A Professional Law Corporation*

CAROL L. GILLAM
Attorneys for Plaintiff
Justine Tanjaya, DDS

---

14