HAILYN J. CHEN (SBN 237436)
hailyn.chen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Fl.
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

USHA C. VANCE (SBN 309353)
usha.vance@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Fl.
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

JEROME MAYER-CANTÚ (SBN 291623)
jerome.mayer-cantu@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607-5200
Telephone: (510) 987-9800
Facsimile: (510) 987-9757

Attorneys for The Regents of the University of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTINE TANJAYA,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:19-cv-02956 GW (FFMx)<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Judge: Hon. George H. Wu<br>Courtroom: 9D<br>Date: Aug. 29, 2019<br>Time: 8:30 a.m.<br><br>Filed concurrently:<br>(1) Declaration<br>(2) Exhibits<br>(3) [Proposed] Order<br>(4) Defendant's Motion to Dismiss, Declaration and Exhibits, Request for Judicial Notice, and [Proposed] Order |

Pursuant to L.R. 79.5 *et seq.*, Defendant The Regents of the University of California ("UC") respectfully submits this Application for Leave to File Under Seal Personally Identifiable Information in Exhibits A, C, and E to the Declaration of Candi N. Smiley.

UC seeks leave to file under seal the personally identifiable information contained in Exhibits A, C, and E to the Declaration of Candi N. Smiley. Each Exhibit contains the email address of Plaintiff Justine Tanjaya.

For dispositive motions and related attachments, the party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of public access by "articulat[ing] compelling reasons supported by specific factual findings." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In determining whether compelling reasons exist to seal, the Court shall consider the "'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Hagestad v. Tragesser*, 49 F. 3d 1430, 1434 (9th Cir. 1995) (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

Plaintiff's student email address is confidential student information subject to the privacy protections of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. FERPA prohibits public funding of an educational institution which "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" unless the student provides written consent or the information is furnished in compliance with a judicial order or pursuant to a lawfully obtained subpoena. 20 U.S.C. § 1232g(b)(2). FERPA broadly defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *Id.* § 1232g(a)(4)(A). "Personally identifiable information"

includes such "information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Here, limited redaction of Plaintiff's student email address would adequately protect the public's interest in knowing how the Court adjudicates the claims before it while maintaining the student's privacy interest in the material. In similar circumstances, courts have found compelling reasons to seal such FERPA-protected records. *See, e.g.*, *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F. 2d 1371, 1375 (8th Cir. 1990) (proper to close trial and maintain sealed record in proceeding involving records protected by FERPA); *Peloe v. Univ. of Cincinnati*, No. 1:14-cv-404, 2014 WL 5448868, at *1 (S.D. Ohio Oct. 23, 2014) (holding that personally identifiable student information, including the students' initials, name of their housing facility, and their activities on a particular night, should not be described in the proposed Second Amended Complaint in a way that would violate FERPA).

For these reasons, UC respectfully seeks leave to file the Exhibits to the Smiley Declaration under seal.

DATED: June 27, 2019

MUNGER, TOLLES & OLSON LLP
    HAILYN J. CHEN
    USHA C. VANCE

By: /s/ *Usha C. Vance*
    USHA C. VANCE
Attorneys for The Regents of the University of California