THE GILLAM LAW FIRM
*A Professional Law Corporation*
Carol L. Gillam, SBN 102354
Sara Heum, SBN 288136
10866 Wilshire Blvd Suite 400
Los Angeles, California 90025-4338
Telephone:  424.901.8372
Facsimile:   310.203.9922
carol@gillamlaw.com; sara@gillamlaw.com
Attorneys for Plaintiff
JUSTINE TANJAYA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTINE TANJAYA, DDS, an individual,<br><br>             Plaintiff,<br><br>    vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and DOES 1 through 25, inclusive,<br><br>             Defendants. | Case No. 2:19-cv-02956 GW (FFMx)<br><br>**PLAINTIFF JUSTINE TANJAYA'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. George H. Wu<br>Courtroom: 9D<br>Date: August 29, 2019<br>Time: 8:30 a.m.<br><br>[*Filed concurrently with Plaintiff's Evidentiary Objections*] |

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

Plaintiff Justine Tanjaya, DDS hereby opposes Defendant's Motion to dismiss Plaintiff's First Amended Complaint. This motion is based on the attached Memorandum of Points and Authorities, the concurrently filed Evidentiary Objections, the files and records of this case, and such evidence and argument as may be adduced at a hearing on this matter.

DATED: July 25, 2019.  THE GILLAM LAW FIRM
*A Professional Law Corporation*

/s/ *Carol Gillam*
CAROL L. GILLAM
Attorneys for Plaintiff Justine Tanjaya

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL ALLEGATIONS

Plaintiff Justine Tanjaya, DDS ("Plaintiff") has sufficiently pled her claims and the Court should deny Defendant Regents of the University of California's ("Regents" or "UC" or "University" or "Defendant") motion to dismiss.

Plaintiff Justine Tanjaya, DDS enrolled in UCLA's doctoral program in Oral Biology at UCLA School of Dentistry in or about 2017. She satisfactorily performed her assignments as expected. (First Amended Complaint ("FAC") ¶ 11.)

On or about April 13, 2018, Plaintiff went to a scheduled meeting with Senior Associate Dean/Professor Soltirios Tetradis, DDS, Ph.D. in his office on campus Plaintiff was hoping for guidance and constructive advice in handling some issues with her research mentor, Dr. Kang Ting. Dr. Tetradis instructed Plaintiff to close the door. They were alone. Dr. Tetradis sexually harassed her, stroking her hand and moving so close to her that their legs touched. (FAC ¶¶ 12-13, 15) Dr. Tetradis threatened her during the meeting, that if she did not cooperate, she would not successfully graduate from her doctoral program. (FAC ¶ 17)

Five days later, Dr. Tetradis met with her again, alone in his office on campus, and pressured her to file a Title IX complaint against Dr. Ting. He boasted of his power within the University, especially his close relationship with Dean Paul Krebasch as well as with the Title IX Coordinator. (*Id*. ¶¶ 20-22). During the second meeting he against closed the door and stroked her back and arms. (*Id*. ¶ 22). Once again, he threatened her if she did do as he instructed her to do, i.e., file a false Title IX complaint against Dr. Ting. (*Id.*) Plaintiff was deeply disturbed by the sexual assault and the pressure to lie from a senior official of the School of Dentistry. She was too afraid to immediately complain. (*Id.* 22-23).

Dr. Tetradis repeatedly demanded that Dr. Tanjaya come to his office again. In June 2018 he against threatened her that her actions would negatively impact the

continuity of her studies. *Id.* ¶ 24). Plaintiff also learned that Dr. Tetradis was trying to physically track her down and even came into the orthodontic clinic where she was working. (*Id.*) She finally gained the courage to file a Title IX complaining against Dr. Tetradis on June 25, 2018. (*Id.* ¶ 25). Dr. Tetradis continued to retaliate [1]against her, making it much more difficult for her to successfully complete her doctorate. (*Id.* ¶¶ 26-28) The investigation was not concluded for nearly a year, on May 15, 2019, after this lawsuit was filed. (Def.Mem. 9:24-25).

The complaint pleads enough facts to state a claim to relief. The Court need not consider Defendant's improper extrinsic evidence submitted in the form of a request for judicial notice and declaration. Moreover, the Court should deny Defendant's motion in its entirety based on the lack of proper notice.

## II. ARGUMENT

Despite the plethora of facts alleged in the FAC, as summarized above, Defendant Regents of the University of California ("Regents" or "UC" or "University" or "Defendant") has moved to dismiss under Fed. R. Civ. Proc. Rule 12(b)(6), asserting that Plaintiff has failed to meet the *Iqbal/Twombly* standard for stating a claim to relief. (Defendant's Memorandum of Points and Authorities ("Def.Mem.") at 4:4-18.

First, the University failed to file a proper notice of motion, and on that ground alone, the Court may deny the motion.

Second, the University fails to meet its burden on a motion to dismiss. The Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to

---

[1] See Plaintiff's Evidentiary Objections filed concurrently herewith.

plaintiff, and construe the complaint liberally" for purposes of ruling on the motion. *Doe v. United States* 419 F.3d 1058, 1062 (9th Cir. 2005)*; Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 400 (6th Cir. 2012).

The crux of Defendant's argument is that Defendant cannot be liable for Dr. Tetrads' actions under any applicable legal standard. (Def.Mem. 4:23-15:2). It improperly cites to University documents as judicially noticeable. (Def.Mem. 9:8-25). It also improperly submits a declaration in support of its motion. The Court should disregard this improper extrinsic evidence and deny Defendant's motion altogether. Plaintiff has stated a valid claim for relief.

### A. Regents Failed to Provide Proper Notice in Violation of Fed. R. Civ. Proc. 7(b)(1)(B).

The Court should deny the motion because the notice is wholly devoid of the grounds upon which relief is sought. The notice of motion should set forth the date and time for the hearing, the nature of the motion, including the relief sought, the legal grounds, and the relief requested; and should identify the papers or other documents upon which the motion is based. *See* Fed. R. Civ. Proc. 7(b). The motion must state "with particularity" the grounds on which it is made and the relief or order sought. *See* Fed. R. Civ. Proc. 7(b)(1)(B); *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 983 (8th Cir. 2008); *Davis v. King*, 560 Fed. Appx. 756, 761 (10th Cir. 2014) (no abuse of discretion in denying motion due to lack of compliance with FRCP 7(b)(1)(B)).

Here, Regents fails to set forth any grounds for relief with any particularity in its notice. It merely states it is moving "pursuant to Federal Rule of Civil Procedure

-3-   Case No. 2:19-cv-02956 GW (FFMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUSTINE TANJAYA'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

12(b)(6)" for an order dismissing all claims. This is insufficient notice and the Court should deny the motion on this basis.

### B. Cases Cited by Regents Are Distinguishable.

Plaintiff has adequately pled that Regents engaged in misconduct. UC relies heavily on *United States v. County of Maricopa*, 889 F.3d 648 (9th Cir. 2018). That reliance is seriously misplaced. On a first-impression issue, the Ninth Circuit in *County of Maricopa* held that both Tile VI of the Civil Rights Act of 1964 and 42 U.S.C. Section 1983 impose liability on policymakers. *Id.* at 652. Title IX was not at issue in that case. It is not even *dictum* in *County of Maricopa* that an entity such as Regents cannot be held liable on a *respondeat superior* theory for the conduct of its employees, contrary to UC's suggestion. (Def.Mem. 5:3-11)

While UC notes in a footnote that some cases under Title VI and Title IX have applied similar standards, that is not the case where sexual harassment of a student by a senior official of Regents is at issue. *Gebser v. Lago Visa Independent School Dist.*, 524 U.S. 274 (1988) is distinguishable. That decision held that in a case of teacher-student harassment, damages could not be recovered unless a school district official with authority to institute corrective measures has actual notice of, and is deliberately indifferent to, the teacher's misconduct. *Id.* at 288.

Where the sexual harassment is committed by a senior official, one need not look to the theory of *respondeat superior*. Actual knowledge is established where the school official having authority to address the alleged discrimination had actual knowledge, which is the case here. *See Mansourian v. Regents of Univ. of California*, 602 F.3d 957, 967 (9th Cir. 2010); *Oona R.-S.- by Kate S. v. McCaffrey*, 143 F.3d 473, 477 (9th Cir. 1998) (discussing liability of school officials with supervisory authority); *Rosa H. v. San Elizario Indep. Sch. Dist.*, 106 F.3d 648, 650 (5th Cir. 1997) (finding liability where employee with supervisory power who knew

of the abuse and had power to end it failed to do so). To hold otherwise would be to frustrate the purpose of Title IX and eviscerate its effectiveness.

In any case, Dr. Tanjaya made her Title IX complaint within two months of the unlawful conduct of Dr. Tetradis. UC did not respond to her complaint for nearly a year. That surely qualifies as "deliberate indifference" if that were held to be the standard for liability here, which Plaintiff disputes.

Moreover, Dr. Tetradis had the power to take tangible actions against Plaintiff, in his capacities both as Senior Associate Dean of the School of Dentistry and as advisor to the combined DDS/PhD program in oral biology. His position is substantially similar to that of a supervisor under Title VII, which makes the employer vicariously and strictly liable for the actions of its supervisors. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Farragher v. Boca Raton*, 524 U.S. 775, 777-778 (1998); *Vance v. Ball State University*, 570 U.S. 421-422 (2013). Here, the allegations of Dr. Tetradis' *quid pro quo* and hostile work environment harassment more than meet the test.

### C. *Deliberate Indifference Need Not be Pled, but the Standard is Met Anyway*

Regents goes to considerable lengths to discuss the law regarding the "deliberate indifference" standard, assuming that Plaintiff can only state a claim if she alleges *respondeat superior* as the theory of liability. (Def.Mem. 5:12-15:2) As discussed above, this is *not* the correct theory of liability. Dr. Tetradis is not merely a teacher. As he himself boasted to Dr. Tanjaya, she could not graduate without his approval. In a case such as this, liability must be understood under the theory of vicarious liability.

### D. For the Same Reasons, Plaintiff's State Law Claim Should Proceed.

As Regents notes, claims under Section 11135 are analogous to those under Title IX. For the same reasons that vicarious liability is the appropriate standard for the federal claims, so it is for the state law claim. (Def.Mem. 19:16-22:5)

### E. Regents Cannot Rely on Extrinsic Evidence in Support of this Motion.

Regents attempts to introduce a slew of extrinsic evidence through a purported request for judicial notice (RJN) and a declaration. However, it is improper to consider such extrinsic evidence on a motion to dismiss. The declaration is improper and there is no basis for considering it. Likewise, the Court cannot take the truth of the matters asserted in the documents filed through Regents' RJN, which is essentially what Regents is asking the Court to do. Every email sent by an employee of the university does not suddenly become an official act of state. The documents and the matters contained within them are disputed. The Court cannot delve into whether the University acted appropriately without delving into the substance of the documents and accepting as truth the matters contained therein. This is inappropriate. The Court should not rely on the declaration or take judicial notice of the matters requested by Regents.

### F. If the Court Determines that the FAC Is Deficient, Leave Should be Granted to Amend.

This Court is well aware of the standards for reviewing motions to dismiss. If for any reason the Court finds any deficiencies in the FAC, leave should be granted to amend.

////
////
////

## III. CONCLUSION

Because the First Amended Complaint meets all the appropriate pleading standards, the motion to dismiss should be denied in its entirety.

DATED: July 25, 2019.　　　　　　　THE GILLAM LAW FIRM
　　　　　　　　　　　　　　　　　　*A Professional Law Corporation*

　　　　　　　　　　　　　　　　　　/s/ *Carol Gillam*
　　　　　　　　　　　　　　　　　　CAROL L. GILLAM
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Justine Tanjaya