THE GILLAM LAW FIRM
*A Professional Law Corporation*
Carol L. Gillam, SBN 102354
Sara Heum, SBN 288136
10866 Wilshire Blvd Suite 400
Los Angeles, California 90025-4338
Telephone:  424.901.8372
Facsimile:   310.203.9922
carol@gillamlaw.com; sara@gillamlaw.com
Attorneys for Plaintiff
JUSTINE TANJAYA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTINE TANJAYA, D.D.S., an individual, <br><br> Plaintiff, <br> vs. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA, an entity, SOLTIRIOS TETRADIS, D.D.S., Ph.D, an individual, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 2:19-cv-02956 GW (FFMx) <br><br> **PLAINTIFF JUSTINE TANJAYA'S OPPOSITION TO DEFENDANT SOLTIRIOS TETRADIS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Judge: Hon. George H. Wu <br> Courtroom: 9D <br> Date: December 12, 2019 <br> Time: 8:30 a.m. |

1    TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

2       Plaintiff Justine Tanjaya, DDS hereby opposes Defendant Soltirios Tetradis'

3    Motion to Dismiss Plaintiff's Second Amended Complaint. This motion is based on

4    the attached Memorandum of Points and Authorities, the files and records of this

5    case, and such evidence and argument as may be adduced at a hearing on this

6    matter.

7

8    DATED:  November 18, 2019          THE GILLAM LAW FIRM
                                        *A Professional Law Corporation*
9

10                                      /s/ *Carol Gillam*
                                        _____
11                                      CAROL L. GILLAM
                                        Attorneys for Plaintiff Justine Tanjaya
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND FACTUAL ALLEGATIONS

3      Plaintiff Justine Tanjaya, DDS enrolled in UCLA's doctoral program in Oral

4   Biology at UCLA School of Dentistry in or about 2017. She satisfactorily performed

5   her assignments. (Second Amended Complaint ("SAC"), Sept. 27, 2019, ECF No.

6   29 ¶ 12.) On or about April 13, 2018, Plaintiff went to a scheduled meeting with

7   Senior Associate Dean/Professor Soltirios Tetradis, DDS, Ph.D. ("Defendant

8   Tetradis") in his office on campus. Plaintiff was hoping for guidance and

9   constructive advice in handling some issues with her research mentor, Dr. Kang

10  Ting. Defendant Tetradis instructed Plaintiff to close the door. They were alone.

11  Defendant Tetradis sexually harassed Plaintiff, stroking her hand and moving so

12  close to her that their legs touched. (SAC ¶¶ 13–17.) During that meeting,

13  Defendant Tetradis threatened Plaintiff, telling her that if she did not cooperate, she

14  would not successfully graduate from her doctoral program. (SAC ¶ 18.)

15     Five days later, Defendant Tetradis met with her again, alone in his office on

16  campus, and pressured her to file a Title IX complaint against Dr. Ting. He boasted

17  of his power within the University, especially his close relationship with Dean Paul

18  Krebsbach as well as with the Title IX Coordinator. (SAC ¶¶ 20–22.) During the

19  second meeting, he again closed the door and stroked her back and arms. (SAC ¶

20  23.) Once again, he pressured her to file a false Title IX complaint against Dr. Ting

21  threatening her academic studies. (*Id.*) Plaintiff was deeply disturbed by the sexual

22  assault and the pressure to lie from a senior official of the School of Dentistry. She

23  was too afraid to immediately complain. (SAC ¶¶ 24–25.)

24     Defendant Tetradis repeatedly demanded Dr. Tanjaya come to his office

25  again. In June 2018, he threatened her again, telling her that her actions would

26  negatively impact the continuity of her studies. (SAC ¶ 25.) Plaintiff also learned

27  that Defendant Tetradis was trying to physically track her down and even came into

28  the orthodontic clinic where she was working. (*Id.*) She finally gained the courage to

Case No. 2:19-cv-02956 GW (FFMx)

PLAINTIFF JUSTINE TANJAYA'S OPPOSITION TO DEFENDANT SOLTIRIOS TETRADIS' MOTION TO
DISMISS SECOND AMENDED COMPLAINT

1    file the Title IX complaint against Defendant Tetradis on June 25, 2018. (SAC ¶ 27.)

2    Defendant Tetradis continued to retaliate against her, making it much more difficult

3    for her to successfully complete her doctorate. (SAC ¶¶ 28–42.) Six months passed

4    with no action by Defendants on Plaintiff's complaints, despite Plaintiff's repeated

5    requests for an update on the status of her complaints and despite her repeated

6    complaints of retaliation for her original Title IX complaint. (SAC ¶ 41.) In fact,

7    Regents never responded to Plaintiff until after this lawsuit was filed. (*Id.*)

8        Defendant Tetradis now moves to dismiss the claims against him. However,

9    the Court should deny his motion because Plaintiff has adequately pled her

10   allegations against him.

11   **II.    ARGUMENT**

12       Despite the plethora of facts alleged in the SAC, as summarized above,

13   Defendant Tetradis has moved to dismiss under Fed. R. Civ. Proc. Rule 12(b)(6),

14   asserting that Plaintiff has failed to meet the *Iqbal/Twombly* standard for stating a

15   claim to relief. But it is Defendant Tetradis who fails to meet his burden on a motion

16   to dismiss. The Court must "accept as true all of the factual allegations set out in

17   plaintiff's complaint, draw inferences from those allegations in the light most

18   favorable to plaintiff, and construe the complaint liberally" for purposes of ruling on

19   the motion. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

20       "If a complaint is dismissed for failure to state a claim, leave to amend should

21   be granted unless the court determines that the allegation of other facts consistent

22   with the challenged pleading could not possibly cure the deficiency." *Schreiber*

23   *Distributing Co. v. Serv–Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir.

24   1986). As detailed below, Plaintiff has pled sufficient facts to support two causes of

25   action against Defendant Tetradis. Plaintiff has provided facts to support a finding

26   that Defendant Tetradis committed battery and assault against Plaintiff. Therefore,

27   the Court should deny Defendant Tetradis' motion.

28

1

2

### A. The Court Should Reject Defendant's Argument that the SAC Is Untimely.

3   The Court should reject Defendant's argument that the SAC is untimely

4   because Plaintiff filed her Second Amended Complaint based on the Court's date of

5   entry of the order. While the order states it is signed September 5, 2019, it was

6   entered into on September 6, 2019.  The docket reflects that on September 6, 2019,

7   the Court entered into an order allowing Plaintiff to file the Second Amended

8   Complaint "21 days from the date of this order." (Order, Sept. 6, 2019, ECF No.

9   28.) Plaintiff filed her SAC on September 27, 2019—exactly 21 days from the

10  Court's order, going by the September 6 date. To the extent this was a day late, this

11  was inadvertently based upon a misunderstanding of the date, and Defendant has not

12  suffered any prejudice. Therefore, the Court should reject Defendant Tetradis'

13  argument that the SAC was untimely.

14

15

### B. Plaintiff Agrees to Dismiss the Quid Pro Quo Harassment Claim in Violation of Title IX, 20 U.S.C. § 1681 Against Defendant Tetradis.

16  Plaintiff concedes that the Title IX claim cannot be brought against individual

17  defendants, only the institutions that are recipients of the federal funding. Therefore,

18  Plaintiff agrees to dismiss this claim against Defendant Tetradis.

19

### C. Plaintiff Has Adequately Pled Assault.

20  The Court can retain supplemental jurisdiction over Plaintiff's state court

21  claims based on her claims against Regents. Turning to Defendant Tetradis'

22  argument, the only element of assault that Defendant Tetradis is disputing is the

23  element of intent, alleging that his tortious intent cannot be inferred from his sexual

24  touching of Plaintiff because such inference is not "natural." (Tetradis' Motion to

25  Dismiss Second Amended Complaint ("Tetradis' MTD"), Nov. 7, 2019, ECF No.

26  42, 8:16, 7–10.) Therefore, Plaintiff will only address this element. And on this

27  point, Defendant Tetradis' argument fails.

28

1. <u>Applicable Standard</u>

The elements of assault are: "(1) defendant acted with intent to cause harmful or offensive contact […]; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner […]; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *So v. Shin*, 212 Cal. App. 4th 652, 669 (2013). The tortious intent is present if the act "is done for the purpose of causing such an apprehension or with knowledge that, to a substantial certainty, such apprehension will result." Restatement (Second) of Torts § 21 cmt. d (Am. Law Inst. 1965).

2. <u>Plaintiff sufficiently pled intent.</u>

First, Plaintiff has pled facts about Defendant Tetradis' nonconsensual touching, from which the court can reasonably infer intent. (SAC ¶¶ 13, 14, 16, 23.) Defendant Tetradis' intent to offend the Plaintiff or knowledge that his nonconsensual sexual touching will be offensive to Plaintiff can be reasonably inferred from these acts. A jury could reasonably infer that a professor or dean who sexually touched a student behind closed doors in his office intended to cause an offensive or harmful contact, or, at the very least, knew that such conduct would be offensive to the student. (SAC ¶¶ 13–15.)

Further, after Defendant Tetradis first touched Plaintiff, she started crying and tried to move away. However, despite seeing that she was uncomfortable, Tetradis persisted in touching her. (SAC ¶¶ 14–16, 23.) Therefore, the Court can reasonably infer Defendant Tetradis' tortious intent from his persistent sexual touching. Accordingly, Plaintiff meets the first element of assault.

Defendant Tetradis fails to explain why a jury could not reasonably infer tortious intent from this conduct or why such inference is not "natural." *See Kharmats v. Kasavin* (Cal. Ct. App., Feb. 28, 2005, No. A102805) 2005 WL 460215, at *5 (court inferring intent to cause offensive or harmful contact from

Defendant's acts of running over to Plaintiff, "positioning himself very close to her body, yelling at her, and pointing his finger close to her face"); *see also Wichansky v. Zowine*, 150 F. Supp. 3d 1055, 1076 (D. Ariz. 2015) (citing *Braxton-Secret v. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985)) (questions of a person's state of mind are generally factual issues and defendants failed to explain why a reasonable jury would not be able to infer tortious intent from the alleged conduct).

Second, Defendant Tetradis' argument that his nonconsensual touching of a student behind closed doors in his office is not "inherently harmful or offensive" is unpersuasive. (Tetradis' MTD 8:15.) A jury could reasonably infer that a professor/ dean who stroked a student's hands, arms, back, and touched her legs behind closed doors in his office intended to offend the student or, at the very least, knew that such conduct would be offensive to the student, especially when touching continued after Plaintiff began to cry. (*See* SAC ¶¶ 13–15.)

### 3.  The cases Defendant relies on are distinguishable.

Additionally, Defendant Tetradis' cases fail to support his argument. In *Schramm v. Montage Health*, the plaintiff sued a security guard, nurse, and doctor for assault and battery, among other claims, for failure to administer her proper treatment after an unrelated sexual assault because they learned that she was suffering from bipolar disorder. *Schramm v. Montage Health*, No. 17-cv-2757-VKD, 2019 WL 2744850, at *1 (N.D. Cal. July 1, 2019).  The court denied the security guard's and nurse's motions to dismiss assault and battery claims because the plaintiff alleged enough facts for the court to reasonably infer tortious intent from their conduct. *Id.* at *6. However, plaintiff only pled improper catheterization while she was unconscious against the doctor. *Id.* at *4. Because this conduct by itself did not suggest tortious intent, the court dismissed plaintiff's battery and assault claim against the doctor only. *Id.* at *7.

Here, Plaintiff alleged enough facts of Defendant Tetradis' unconsented sexual conduct to infer his intent to cause Plaintiff offensive contact or, at the very

1   least, knowledge that such contact would be offensive to her. Defendant Tetradis'

2   conduct is distinguishable from the doctor's conduct in *Schramm* because, unlike

3   catheterization of a patient in a hospital, the sexual and unwanted touching after

4   plaintiff was clearly uncomfortable by itself implies intent to offend. Therefore, the

5   court can reasonably infer Defendant Tetradis' tortious intent.

6       Furthermore, Defendant Tetradis' reliance on *Young v. City of Menifee* is

7   misplaced. In that case, plaintiff merely alleged that the police officers "caused

8   Plaintiff to experience prolonged, extreme, and unnecessary pain as a result of

9   refusing to administer medical care ..., refusing to allow Plaintiff or medical staff to

10  wipe off the pepper spray on Plaintiff's face ..., among others." *Young v. City of*

11  *Menifee* (C.D. Cal., Apr. 5, 2019, No. EDCV171630JGBSPX) 2019 WL 3037926,

12  at *11. Accordingly, the court did not find any tortious intent because the plaintiff

13  failed to plead intent or the inference of intent to cause harmful or offensive

14  touching. This is, however, not the case here because Defendant Tetradis' intent is

15  readily inferable from his conduct, including touching legs behind closed doors, and

16  stroking Plaintiff, as described *supra*. (SAC ¶¶ 13–16, 21–23.)

17      Moreover, other cases Defendant cites are similarly distinguishable. *See*

18  *Bosworth v. United* C.D. Cal., Mar. 26, 2015, No. CV 14-0498 DMG (SS)) 2015

19  WL 13763668, at *3 ("shackling" of the prisoner by itself was not enough to

20  demonstrate federal officers' tortious intent necessary for assault because the

21  prisoner was a convicted felon receiving treatment outside the prison). This is in

22  contrast to Defendant Tetradis' unwanted sexual touching because his conduct by

23  itself is enough for the court to reasonably infer that he intended to offend Plaintiff

24  or knew that such conduct would be offensive to her.

25      Additionally, *Robles v. Agreserves, Inc.* was decided on a motion for

26  summary judgement. *See Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 965 (E.D.

27  Cal. 2016). *Jayo v. King Security Services, Inc.* was actually tried. *See Jayo v. King*

28  *Security Services, Inc.* (Cal. Ct. App., Mar. 10, 2016, No. A144341) 2016 WL

912742, at *3. Therefore, these are not appropriate cases for the Court to consider because the Court is deciding motion to dismiss for failure to state a claim where the Court examines the pleading itself for factual allegations. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (court finding that district courts may only consider materials outside of the pleadings if the extrinsic materials are judicially noticeable or incorporated by reference).

If anything, the fact that *Robles* and *Jayo* <u>were permitted</u> to advance to the summary judgment stage and trial undermines Defendant Tetradis' argument that Plaintiff's claim for assault should be dismissed at this pleading stage and that inferring intent from conduct is inappropriate. At a minimum, there are factual issues here that should be decided by a jury. Consequently, Defendant Tetradis' argument fails, and the Court should deny his motion.

### D. Plaintiff Has Adequately Pled Battery.

For the same reasons Plaintiff has adequately pled an assault claim, she has pled battery (see section C *supra*, incorporated herein by reference). "A battery is an intentional and offensive touching of a person who has not consented to the touching." *Conte v. Girard Orthopaedic Surgeons Med. Grp., Inc.*, 107 Cal. App. 4th 1260, 1266 (2003) (citing *Rains v. Superior Court*, 150 Cal. App. 3d 933, 938 (1984)). The elements are: "(1) defendant touched plaintiff […] with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *So v. Shin*, 212 Cal. App. 4th 652, 669 (2013).

Defendant appears to contend a lack of intent as to battery. Intent for a battery claim results is present when an act is done with intent to harm or offend or if the actor had knowledge that harm or offense will result. Restatement (Second) of Torts § 18 cmt. e (Am. Law Inst. 1965) (the act must be done "for the purpose of

1   bringing about a harmful or offensive contact […] or with knowledge that such a
2   result will, to a substantial certainty, be produced by his act").

3       Again, the Court can reasonably infer that all elements are met, and
4   specifically intent. Defendant stroked Plaintiff's hand, arms, and back and touched
5   her legs. (SAC ¶¶ 13, 14, 16, 23.) A jury could reasonably infer that a dean who
6   sexually touched a student behind closed doors in his office intended to cause an
7   offensive or harmful contact, or, at the very least, knew that such conduct would be
8   offensive to the student. (SAC ¶¶ 13–15.) Further, after Defendant Tetradis first
9   touched Plaintiff, she started crying and tried to move away. However, despite
10  seeing that she was uncomfortable, Tetradis persisted in touching her. (SAC ¶¶ 14–
11  16, 23.) Therefore, the Court can reasonably infer Defendant Tetradis' tortious
12  intent from his persistent sexual touching. Accordingly, Plaintiff has sufficiently
13  pled intent.

14      Further, Defendant Tetradis' reliance on the same cases cited to support his
15  motion to dismiss the assault claim is similarly misplaced. Plaintiff incorporates her
16  arguments in that section, *supra*, here. Consequently, Defendant Tetradis' argument
17  fails, and the Court should deny his motion.

18  ### E. Plaintiff Has Adequately Pled That She Is Entitled to Punitive Damages.

19      Plaintiff may ask for punitive damages where there is evidence of
20  "oppression, fraud, or malice" by the defendant. Cal. Civ. Code § 3294. Malice is
21  defined as "conduct which is intended by the defendant to cause injury to the
22  plaintiff or despicable conduct which is carried on by the defendant with a willful
23  and conscious disregard of the rights or safety of others." *Id.* Oppression is defined
24  as "despicable conduct that subjects a person to cruel and unjust hardship in
25  conscious disregard of that person's rights." *Id.* "'Malice' and 'oppression' may be
26  inferred from the circumstances of a defendant's conduct." *Zapata v. Neil Jones*
27  *Food Co.*, No. 1:14-cv-02027-EPG, 2016 U.S. Dist. LEXIS 124316, at *38 (E.D.
28

1  Cal. Sep. 12, 2016) (citing *Monge v. Superior Court*, 176 Cal. App. 3d 503, 511

2  (1986)) (internal quotation marks omitted).

3       Here, Plaintiff has pled that Defendant Tetradis touched Plaintiff during the

4  two meetings that they had in his office behind closed doors—he intentionally

5  stroked her hand, arms, and back, and touched her legs. (SAC ¶¶ 13, 14, 16, 23.)

6  Therefore, because the court could reasonably infer malice and oppression from this

7  conduct, Plaintiff has sufficiently pled punitive damages.

8       Defendant contends that Plaintiff's allegations of malice and oppression are

9  conclusive. (*See* Tetradis' MTD 11–13.) However, Defendant Tetradis fails to

10 explain why a reasonable jury would not be able to infer malice and oppression from

11 his unconsented sexual touching of the Plaintiff behind closed doors in his office on

12 two occasions. (SAC ¶¶ 13–16, 21–23) *See, e.g.*, *Doe v. City of Newport Beach*, No.

13 SACV1500608JAKKES, 2016 WL 3176605, at *7 (C.D. Cal. May 3, 2016), *report*

14 *and recommendation adopted*, No. SACV1500608JAKKES, 2016 WL 3176556

15 (C.D. Cal. June 2, 2016) (court denying defendant's motion to dismiss punitive

16 damages because court could reasonably infer malice and evil intent from

17 defendant's intentional sexual touching).[1]Therefore, the Court should deny

18 Defendant Tetradis' motion to dismiss punitive damages.

19       **F. If the Court Determines That the SAC Is Deficient, Leave Should Be**

20          **Granted to Amend.**

21       This Court is well aware of the standards for reviewing motions to dismiss. If

22

23 [1] *See also MCI Commc'ns Servs., Inc. v. Sec. Paving Co., Inc.*, No. 115CV01940LJOJLT, 2016

24 WL 1436521, at *5 (E.D. Cal. Apr. 12, 2016) (court denying defendant's motion to dismiss
punitive damages because court could reasonably infer malice from defendant's intentional

25 conduct of damaging the cables). *Khan v. 7-Eleven, Inc.*, No. EDCV1400522DMGPLAX, 2015
WL 12743691, at *2 (C.D. Cal. Sept. 15, 2015) (court finding that plaintiff has adequately alleged

26 malice and oppression because he alleged that defendants followed him in various vehicles); *New
Box Sols., LLC v. Davis*, No. CV 18-5324-RSWL-KSX, 2018 WL 4562764, at *11 (C.D. Cal.

27 Sept. 18, 2018) (court denying defendants' motion to dismiss punitive damages because plaintiff
"pleaded multiple instances of intentional conduct […] that may provide the basis for an award

28 of punitive damages").

PLAINTIFF JUSTINE TANJAYA'S OPPOSITION TO DEFENDANT SOLTIRIOS TETRADIS' MOTION TO
DISMISS SECOND AMENDED COMPLAINT

1   for any reason the Court finds any deficiencies in the SAC, leave should be granted
2   to amend.

3   **III.   CONCLUSION**

4       Because the Second Amended Complaint meets the appropriate pleading
5   standards, the motion to dismiss should be denied with respect to Defendant
6   Tetradis' claims for assault and battery.

7

8   DATED:  November 18, 2019          THE GILLAM LAW FIRM
9                                       *A Professional Law Corporation*
10
11                                      /s/ *Carol Gillam*
12                                      CAROL L. GILLAM
13                                      Attorney for Plaintiff Justine Tanjaya

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28