HAILYN J. CHEN (SBN 237436)
hailyn.chen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Fl.
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

USHA C. VANCE (SBN 309353)
usha.vance@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Fl.
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

JEROME MAYER-CANTÚ (SBN 291623)
jerome.mayer-cantu@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607-5200
Telephone:   (510) 987-9800
Facsimile:   (510) 987-9757

Attorneys for Dr. Sotirios Tetradis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUSTINE TANJAYA,<br><br>Plaintiff,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al.,<br><br>Defendants. | Case No. 2:19-cv-02956 GW (FFMx)<br><br>**DEFENDANT DR. SOTIRIOS TETRADIS'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. George H. Wu<br>Courtroom: 9D<br>Date: December 12, 2019<br>Time: 8:30 a.m. |

1    Defendant Dr. Sotirios Tetradis submits the following reply in support of his

2 Motion to Dismiss Plaintiff's Second Amended Complaint.

3    Plaintiff concedes that she failed to plead a viable claim under Title IX

4 against Dr. Tetradis and has agreed to dismiss her federal claim.  (Pl.'s Opp. to

5 Def's Mot. to Dismiss ("Opp.") 3, ECF No. 46.)  Accordingly, the only claims

6 against Dr. Tetradis that remain are Plaintiff's state-law claims for assault and

7 battery.

8    Plaintiff's tort claims arise from her allegations that on one occasion Dr.

9 Tetradis stroked her hand and "sat so close that his legs touched Plaintiff's," and

10 that on another occasion he stroked her back and arms.  (Second Amended Compl.

11 ("SAC") ¶¶ 14, 16, 23, ECF No. 29.)  In her Second Amended Complaint, Plaintiff

12 offers innocuous explanations for why Dr. Tetradis allegedly did this:  On the first

13 occasion, Dr. Tetradis was "demanding her phone and reaching for it" so that he

14 could review certain email messages, and he "could not read her phone well"; on the

15 second, he was "comforting her."  (*Id.* ¶¶ 14, 23.)

16    The problem for Plaintiff is that, to state viable claims for assault and battery,

17 she must plead that Dr. Tetradis intended to cause her harm or offense when he

18 allegedly made physical contact with her.  In her Opposition, Plaintiff attempts to

19 reform her Second Amended Complaint and persuade the Court that—

20 notwithstanding her many allegations evincing Dr. Tetradis's benign motives—she

21 has adequately demonstrated that Dr. Tetradis harbored the requisite intent to harm

22 or offend.  (*See* Opp. 4-5, 8.)  The Court should reject Plaintiff's invitation to draw

23 such a strained, "unwarranted inference[]" from the allegations in her Second

24 Amended Complaint.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *see*

25 *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (requiring plaintiff to provide adequate

26 factual support to establish intent).  Because Plaintiff has not adequately pled the

27 element of intent, her tort claims must be dismissed for failure to state a claim upon

28 which relief may be granted.

# ARGUMENT

## I.    Plaintiff Has Failed to State a Claim for Civil Assault or Battery

Plaintiff's claims for civil assault and battery must be dismissed because she has not plausibly alleged that Dr. Tetradis possessed the necessary intent to harm or offend her.  Additionally, her claims must be dismissed to the extent she seeks punitive damages because she has not pled facts supporting the conclusion that Dr. Tetradis acted with fraud, malice, or oppression.

### A.    Plaintiff Has Not Plausibly Alleged that Dr. Tetradis Had the Intent Necessary To Be Liable for Assault or Battery

Plaintiff does not dispute that, to state claims for civil assault or battery, she must plausibly allege that Dr. Tetradis acted with the intent to harm or offend her. *So v. Shin,* 212 Cal. App. 4th 652, 668-669 (2013) (stating that battery requires touching "with the intent to harm or offend plaintiff" and assault requires action "with intent to cause harmful or offensive contact"); (*see* Opp. 4, 7).  Nor does she deny that, to carry her burden, she cannot simply allege acts that could *conceivably* "constitute harmful or offensive conduct"; instead, she must "plausibly allege facts from which an intent to harm or offend or to cause harmful or offensive contact may be inferred." *Schramm v. Montage Health*, No. 17-cv-2757-VKD, 2019 WL 2744850, at *7 (N.D. Cal. July 1, 2019); *see Young v. City of Menifee*, No. 17-cv-1630-JGB (SPx), 2019 WL 3037926, at *11 (C.D. Cal. Apr. 5, 2019) (dismissing assault claim where allegations did not "support an inference" of intent).[1]

Plaintiff's Second Amended Complaint does not satisfy that standard.  Far from alleging intent to harm or offend, her Second Amended Complaint is replete

---

[1] Plaintiff, attempting to make hay from Dr. Tetradis's citations to *Schramm* and *Young*, spends nearly two pages distinguishing those cases on their facts.  (*See* Opp. 5-6.)  Dr. Tetradis, however, cited *Young* and *Schramm* for the basic proposition that, to plead the element of intent, a plaintiff cannot simply allege that the defendant touched her in a manner that might conceivably be motivated by intent to harm or offend.  (*See* Mot. 8-9, 11.)  Plaintiff does not dispute that principle, so her lengthy discussion of *Young* and *Schramm* is entirely beside the point.

1  with statements that Dr. Tetradis acted for innocuous reasons.  (*See* Def's Mot. to

2  Dismiss Second Amended Complaint ("Mot.") 8-9, 11, ECF No. 42.)  Plaintiff

3  describes Dr. Tetradis as touching her hand and knee on one occasion because he

4  was "demanding her phone and reaching for it" so that he could review certain email

5  messages and because he "could not read her phone well."  (SAC ¶ 14.)  She asserts

6  that on another occasion he was apparently "comforting her" when he touched her

7  arms and back.  (*Id.* ¶ 23.)  Thus, in arguing that she has adequately pled the element

8  of intent to harm or offend, Plaintiff is asking the Court to ignore her own

9  allegations.  (*See* Opp. 1, 4-5, 8 (not mentioning allegations that contradict

10  Plaintiff's legal theory).)[2]

11       Plaintiff's Opposition tells a very different tale from her Second Amended

12  Complaint in other respects as well.  Plaintiff contends that an inference of intent to

13  harm or offend is proper because Dr. Tetradis "sexually touched [her] behind closed

14  doors in his office," "she started crying and tried to move away," and "despite

15  seeing that she was uncomfortable, [he] persisted in touching her."  (Opp. 4, 8.)  But

16  that argument mischaracterizes her Second Amended Complaint.  To begin,

17  Plaintiff's Second Amended Complaint contains a different account of events:  Dr.

18  Tetradis allegedly touched her hand while attempting to review her phone, she "tried

19  to move away from" him, he "moved closer to" her, "his legs touched Plaintiff's,"

20

21

22  [2] *See, e.g.*, *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 987 (E.D. Cal. 2016)
   (granting summary judgment where evidence indicated intent to scare off coyotes,

23  not to threaten nearby farmworkers).  Plaintiff objects that *Robles*, as a case decided
   on a motion for summary judgment, is "not appropriate . . . for the Court to consider

24  because the Court is deciding a motion to dismiss for failure to state a claim."  (Opp.
   6-7.)  But Plaintiff rejects her own supposed rule:  Her own primary citations are to

25  cases arising from motions for summary judgment.  *See Kharmats*, 2005 WL
   460215, at *1; *Wichansky*, 150 F. Supp. 3d at 1059.  In any event, *Robles* is relevant

26  because it establishes that there can be no intent to harm or offend where all

27  evidence (or, on a motion to dismiss, all allegations in the complaint) points to

28  benign intent.

1    and "[s]he began to cry."  (SAC ¶¶ 13-16.)  Plaintiff's assertion that Dr. Tetradis

2    touched her despite being aware of her discomfort is simply unsupported by her own

3    allegations.  Moreover, Plaintiff's use of the term "sexual touch[ing]" assumes the

4    conclusion that Dr. Tetradis acted with improper intent, apparently on the theory

5    that any brush between two people's hands or legs must be sexual in nature and

6    constitute evidence of intent to harm or offend.  That inference does not survive

7    scrutiny.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause

8    of action, supported by mere conclusory statements, do not suffice" under Rule

9    12(b)(6).).[3]

10         Plaintiff's attempt to ground her argument in precedent is unavailing.  To

11   explain why the Court should "infer tortious intent from" the scant allegations in her

12   Second Amended Complaint, (Opp. 4-5), she points to a case in which an "enraged"

13   man got "so close [to the plaintiff] that [she] could not turn to move away from

14   him," "spit on [her] face," "yell[ed] and scream[ed]," and threatened to "call the

15   police and have [her] put in jail," *Kharmats v. Kasavin*, No. A102805, 2005 WL

16   460215, at *4 (Cal. Ct. App. Feb. 28, 2005).[4]  Her other citation is to a case in which

17

18   ―――――――――――――

19   [3] Defendant The Regents of the University of California ("UC") similarly argued in
     its motion to dismiss that Plaintiff failed to plead the intent necessary to support her
20   claims of assault and battery.  (UC's Mot. to Dismiss Second Amended Compl. 23-
     24, ECF No. 35.)  In her Opposition to UC's Motion to Dismiss, Plaintiff argued
21   that Dr. Tetradis "intended to offend Plaintiff because he did not ask for Plaintiff's
     consent before touching her."  (Pl.'s Opp. to UC's Mot. to Dismiss 11, ECF No. 39.)
22   As UC pointed out in reply, Plaintiff's Second Amended Complaint does not
     actually allege that Dr. Tetradis failed to ask for consent.  (UC's Reply in Support of
23   Mot. to Dismiss Second Amended Compl. 13, ECF No. 40.)  Plaintiff has not
     renewed her consent-based argument in opposition to Dr. Tetradis's Motion to
24   Dismiss, but Dr. Tetradis incorporates UC's arguments out of an abundance of
     caution.
25

26   [4] In any event, unpublished decisions of the California state courts are not binding.
     *See ScripsAmerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1154 n.78
27   (C.D. Cal. 2014).
28

1   the defendant "allegedly pulled up next to [plaintiff]'s car, threatened to kill him,

2   shouted obscenities, and spit in his face." *Wichansky v. Zowine*, 150 F. Supp. 3d

3   1055, 1076 (D. Ariz. 2015).  Plaintiff, of course, alleges nothing similar in her

4   Second Amended Complaint, so *Kharmats* and *Wichansky* do not support her

5   argument.

6       Because the factual allegations in Plaintiff's Second Amended Complaint do

7   not give rise to a plausible inference that Dr. Tetradis intended to harm or offend

8   her, Plaintiff's assault and battery claims must be dismissed.

9       **B.    Plaintiff Has Failed to State a Claim for Punitive Damages**

10       Even if Plaintiff had adequately pled assault and battery, her claims would

11   still require dismissal to the extent she seeks punitive damages.  Plaintiff does not

12   dispute that stating a claim for punitive damages requires more than simply pleading

13   an intentional tort.  *See Cal. Spine & Neurosurgery Inst. v. Aetna Life Ins. Co.*, No.

14   18-cv-6829-DMG (KSx), 2019 WL 1878355, at *2 (C.D. Cal. Mar. 7, 2019)

15   ("[C]laims for intentional torts, in and of themselves do not automatically entail a

16   right to punitive damages." (alterations omitted)); (*see* Opp. 8-9).  Instead, under

17   California law, punitive damages necessitate a showing of "oppression, fraud, or

18   malice."  Cal. Civ. Code § 3294(a); (*see* Opp. 8).

19       In her Opposition, Plaintiff abandons her suggestion that Dr. Tetradis acted

20   fraudulently.  (*See id.* at 8-9; *see also* Mot. 12 (discussing Plaintiff's failure to

21   plausibly allege fraud).)  She instead contends that because Dr. Tetradis allegedly

22   "intentionally stroked her hand, arms, and back, and touched her legs," during "two

23   meetings that they had in his office behind closed doors," the Court may infer that

24   he acted with malice and oppression.  (Opp. 9.)  For the proposition that such an

25   inference would be appropriate, Plaintiff cites *Doe v. City of Newport Beach*, No.

26   15-cv-608-JAK (KES), 2016 WL 3176605 (C.D. Cal. May 3, 2016).  (Opp. 9.)  But

27   *Doe* is inapposite.  In that case, the plaintiff alleged that the defendant had forcibly

28   touched her unclothed genitalia and breasts and asserted a claim for sexual battery—

1  a different tort from battery—against him.  *See Doe*, 2016 WL 3176605, at *1; Cal.

2  Civ. Code § 1708.5 (defining the tort of sexual battery as involving contact with

3  "the sexual organ, anus, groin, . . . buttocks," or "breast").  The court concluded that

4  Plaintiff had stated a claim for punitive damages because "California law expressly

5  provides that a person who commits a sexual battery may be liable for punitive

6  damages," and "an allegation of intentional sexual battery is one from which an evil

7  motive" may "be inferred."  *Doe*, 2016 WL 3176605, at *7.  Here, where Plaintiff

8  has not claimed, and indeed cannot claim, sexual battery under California law, *Doe*

9  provides no support for Plaintiff's quest for punitive damages.[5]

10  Plaintiff has, in short, failed to allege facts supporting an "evil motive" or

11  "conduct which is so vile, base, contemptible, miserable, wretched or loathsome that

12  it would be looked down upon and despised by ordinary decent people," as she must

13  to establish that Dr. Tetradis acted with malice or oppression.  *Cal. Spine &*

14  *Neurosurgery Inst.*, 2019 WL 1878355, at *2.  Her assault and battery claims must

15  therefore be dismissed to the extent she seeks punitive damages.

16  ## II.   Alternatively, the Court May Decline to Exercise Supplemental Jurisdiction over Plaintiff's State-Law Claims

17  Plaintiff's assault and battery claims should be dismissed on the merits for the

18  reasons provided above.  In the alternative, if the Court dismisses Plaintiff's federal

19  claims against both UC and Dr. Tetradis, the Court may decline to exercise

20  supplemental jurisdiction over her state-law tort claims.  (*See* Mot. 13-14.)

21

22  ---

23  [5] Plaintiff's footnoted citations are even less relevant.  *See MCI Commc'ns Servs., Inc. v. Security Paving Co.*, No. 1:15-cv-1940-LJO-JLT, 2016 WL 1436521, at *5 (E.D. Cal. Apr. 12, 2016) (involving claims of trespass, negligence, and violations of three California statutory provisions governing construction); *Khan v. 7-Eleven, Inc.*, No. 14-cv-522-DMG (PLAx), 2015 WL 12743691, at *2-3 (C.D. Cal. Sept. 15, 2015) (involving allegations that defendant's employees "menacing[ly] and unrelenting[ly]" followed plaintiff for months and attempted to run plaintiff over with a vehicle); *New Box Solutions, LLC v. Davis*, No. 18-cv-5324-RSWL-KSx, 2018 WL 4562764, at *2 (C.D. Cal. Sept. 18, 2018) (involving breach of fiduciary duty and related commercial torts).

24

25

26

27

28

1

### III.    Plaintiff's Second Amended Complaint Is Untimely

As justification for filing her Second Amended Complaint after the deadline set by this Court, Plaintiff cites her counsel's "misunderstanding" of the docket. (Opp. 3.) "[I]nadvertence or oversight of counsel does not constitute 'excusable neglect' that might justify an extension of time for filing papers under" Federal Rule of Civil Procedure 6(b)(1)(B). *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Plaintiff's Second Amended Complaint should therefore be dismissed as untimely.

### IV.    Plaintiff's Claims Against Dr. Tetradis Should Be Dismissed with Prejudice

Plaintiff has now tried and failed three times to make her case. For the reasons explained in Dr. Tetradis's Motion to Dismiss, the Court should deny Plaintiff's perfunctory demand for leave to amend and should dismiss her Second Amended Complaint with prejudice. (*See* Mot. 14; Opp. 9-10.)

### CONCLUSION

For the foregoing reasons, Dr. Tetradis respectfully requests that the Court dismiss all claims in Plaintiff's Second Amended Complaint with prejudice.


DATED:  November 27, 2019                 MUNGER, TOLLES & OLSON LLP
                                          HAILYN J. CHEN
                                          USHA C. VANCE



                                          By:    /s/ *Usha C. Vance*
                                                 _____
                                                 USHA C. VANCE
                                                 Attorneys for Dr. Sotirios Tetradis